1

**\*\* E-filed June 23, 2011 \*\***

2

3

4

5

6

7                                          NOT FOR CITATION

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                          SAN JOSE DIVISION

11   MARIAN TANKERSLEY, et al.,                    No. C10-04963 HRL

12            Plaintiffs,                          **ORDER THAT CASE BE**
                                                   **REASSIGNED TO A DISTRICT**
13        v.                                       **JUDGE**

14   AUTOMOTIVE FRANCHISE SYSTEMS,                 **REPORT AND RECOMMENDATION**
     LLC,
15                                                 **[Re: Docket No. 12]**
              Defendant.
16   _____/

17                                          **BACKGROUND**

18        In April 2007, Marian Tankersley ("Tankersley") and Richard Diehl ("Diehl") (collectively,

19   "Plaintiffs") purchased a franchise and three exclusive territories from Collision on Wheels

20   International, LLC ("CoW"), a seller of mobile auto body repair system franchises. Docket No. 1

21   ("Complaint") ¶¶ 6, 11. In doing so, Plaintiffs entered into a franchise agreement (the "Franchise

22   Agreement") with CoW. Id. ¶ 11.

23        In December 2008, Plaintiffs notified CoW of their wish to rescind the Franchise

24   Agreement. Id. ¶ 12. Their desire to do so was based in part on alleged misstatements and omissions

25   of material fact found in CoW's Uniform Franchise Offering Circular ("UFOC"), which contains

26   certain disclosures to potential franchisees and which CoW provided to Plaintiffs in March 2007. Id.

27   ¶¶ 10, 14.

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

The Franchise Agreement provided that disputes relating to it were to be arbitrated, so Plaintiffs and CoW did so in January 2010. Id. ¶¶ 13-15. The arbitrator granted Plaintiffs' demand for rescission and awarded them restitution of $71,670 (as well as $33,579.00 in 12% statutory interest thereon[1]) and arbitration-related attorney fees of $378,072.98 and costs of $83,986.92. Id. ¶ 16; see also Docket No. 13, Exs. 3 ("Interim Award"), 4 ("Final Award"). The arbitrator's total award, then, was for $566,820.21. See Final Award. After the arbitrator issued his Interim Award, but before he issued his Final Award, CoW declared bankruptcy in the Eastern District of Michigan. Complaint ¶ 18.

Plaintiffs thereafter filed suit against defendant Automotive Franchise Systems, LLC ("AFS") in this Court to recover the arbitrator's award. See Complaint. Plaintiffs allege that AFS is the parent company of CoW and that it guaranteed CoW's performance under the Franchise Agreement. Id. ¶ 21, Ex. A ("Guarantee of Performance").

AFS was served with the Complaint and summons on November 19, 2010. Docket No. 4. It failed to answer or otherwise respond to the Complaint within the time allowed, so, upon Plaintiffs' request, the Clerk of the Court entered default against it as of December 22, 2010. Docket Nos. 5, 8. Plaintiffs thereafter filed the instant motion for an order entering default judgment against AFS. Docket No. 26 ("Motion"). AFS has not filed any opposition to Plaintiffs' motion and has not otherwise appeared in this action.

Upon review of Plaintiffs' motion, the arguments of counsel at the hearing, and the record in this case, the Court recommends that Plaintiffs' motion be granted.

**LEGAL STANDARD**

After entry of default by the Clerk, courts are authorized to grant default judgment in their discretion. See FED. R. CIV. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). A court may consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning

---

[1] This arbitrator awarded interest for the time period from March 20, 2007 "to the date of this Final Award and beyond." The Final Award was issued on February 22, 2011, so the $33,579.00 in interest awarded is that interest that had accrued as of that date.

material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). When the damages claimed are not readily ascertainable from the pleadings and the record, the court may conduct a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. FED. R. CIV. P. 55(b)(2).

**DISCUSSION**

A.   Entry of Default Judgment

All of the Eitel factors favor entry of default judgment. Plaintiffs' claims have merit and are sufficiently pled. Once the Clerk of Court enters default, all well-pleaded allegations regarding liability are taken as true except as to the amount of damages. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002); Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Here, the Clerk of Court entered default on December 22, 2010. Plaintiffs allege that AFS guaranteed CoW's performance under the Franchise Agreement. That Franchise Agreement required Plaintiffs and CoW to arbitrate their dispute, and the arbitrator ruled in Plaintiffs' favor. Since Plaintiffs' liability-related allegations are taken as true, there is no possibility of a dispute concerning these material facts.

Plaintiffs also would be prejudiced if default judgment was not entered against AFS. CoW has declared bankruptcy, and, as AFS so far has failed to present a defense or appear in this action (and there is no indication that its failure in this regard is due to excusable neglect), a default judgment against it is Plaintiffs' only recourse. And while the Court prefers to decide matters on the merits, AFS's lack of participation in this litigation renders that impossible. Furthermore, virtually all of the damages sought were determined in arbitration.

For these reasons, the Court recommends that Plaintiffs' motion for default judgment against AFS be granted.

B.   Relief Requested

3

**United States District Court**
For the Northern District of California

1    Plaintiffs request that default judgment be entered against AFS for $566,820.21 (the

2   arbitrator's total award) and 12% statutory interest on the $71,181.31 in restitution to cover the

3   period since February 22, 2011. Unlike liability-related allegations, allegations related to damages

4   are not taken as true upon entry of default against a defendant. Plaintiffs must therefore "prove up"

5   the amounts they seek.

6    Plaintiffs have adequately done so. Their requested damages are based on the arbitrator's

7   Final Award, which awards Plaintiffs restitution of $71,670 and arbitration-related attorney fees of

8   $378,072.98 and costs of $83,986.92. The Final Award also awards Plaintiffs 12% statutory interest

9   on the restitution award, which it calculated at $23.40 per day. It was to be awarded from March 20,

10   2007 "to the date of this Final Award and beyond," so it included the 12% statutory interest on the

11   restitution award up to February 22, 2011. 121 days have passed from then to the date of this order,

12   so $2,831.40 will be added to the Final Award amount. Thus, the Court recommends that Plaintiffs'

13   motion for $569,651.61 be granted.[2]

14                                  **CONCLUSION**

15    Because all parties have yet to consent to the undersigned's jurisdiction, this Court ORDERS

16   the Clerk of the Court to reassign this case to a district court judge.  The undersigned further

17   RECOMMENDS that the newly-assigned district court judge enter default judgment against AFS

18   and award Plaintiffs' $569,651.61.

19    Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to

20   this Report and Recommendation within fourteen days after being served.

21

22    **IT IS SO ORDERED.**

23   Dated: June 23, 2011

24                                  _____
                                    HOWARD R. LLOYD
                                    UNITED STATES MAGISTRATE JUDGE

25

26

27   [2] Although Plaintiffs do <u>not</u> do so in their motion, Plaintiffs' counsel, in his declaration, appears to
     seek $9,810.00 in attorney fees and $965.26 in costs related to this action. Docket No. 13 ("Napell

28   Decl.") ¶¶ 16-21, Ex. 5; <u>see generally</u> Motion. However, Plaintiffs' counsel does not cite any
     authority for awarding these fees and costs. The Court recommends that Plaintiffs' counsel's
     apparent request for them be denied.

United States District Court
For the Northern District of California

1   **C10-04963 HRL Notice will be electronically mailed to:**

2   Bruce Jonathan Napell          bjn@singler-law.com
    Bryan W. Dillon                bwd@singler-law.com
3   Jason David Maynard            jdm@singler-law.com, tlb@singler-law.com

4   **Counsel are responsible for distributing copies of this document to co-counsel who have not**
    **registered for e-filing under the court's CM/ECF program.**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28